Territorial Law Library

FILED
SUPERIOR COURT
OF GUAM

**IN THE SUPERIOR COURT OF GUAM**

2009 AUG 24 AM 10: 59

| | |
|---|---|
| PEOPLE OF GUAM, | CRIMINAL CASE NO. CF0133-09 |
| Plaintiff, | |
| vs. | **DECISION AND ORDER** |
| HENRY FLORES *et al.*, | **On Defendant Esmeralda A. Sabinay's Motion to Dismiss the First Charge of the Indictment** |
| Defendants. | |

## I. INTRODUCTION

This matter came before the HONORABLE VERNON P. PEREZ on Defendant Esmeralda A. Sabinay's Motion to Dismiss the First Charge of the Indictment, filed on August 19, 2009. The People filed an opposition on August 20, 2009. At a hearing on other matters held on August 20, 2009, Co-Defendants Henry C. Flores, Joe M. Duenas, Juan L.G. Diaz, James V. Quenga, Raynold C. Alcantara, Joaquin Q. Castro, Vincent G. Perez, Luke Tonaichy and Benedette C. Santos orally joined in Sabinay's motion. Defendants Sabinay and Alcantara filed written replies on August 21, 2009. Having considered the parties' written submissions, the Court now issues its ruling.

## II. FACTUAL AND PROCEDURAL BACKGROUND

On March 12, 2009, the grand jury returned an indictment against Defendant Sabinay and nine Co-Defendants. The indictment charges as follows:

### FIRST CHARGE

On or about November 22, 2008, on Guam, HENRY C. FLORES, JOE M. DUENAS, JUAN L.G. DIAZ, JAMES V. QUENGA, RAYNOLD C. ALCANTARA, ESMERALDA A. SABINAY, JOAQUIN Q. CASTRO, VINCENT G. PEREZ, LUKE TONAICHY and BENEDETTE C. SANTOS

*People of Guam v. Henry Flores et al.*
Decision and Order (Motion to Dismiss First Charge)
Criminal Case No. CF0133-09
- Page 1 of 14 -

a. Agreed one with another that one or more of them would engage in conduct which constituted the crime of Aggravated Assault (as alleged in Charge 2 below),

b. They did so with the intention of engaging in promoting or assisting in the conduct which constitutes such crime and,

c. While acting as either duly sworn officers of the Guam Police Department acting in the performance of their sworn duty or as members of the Civilian Ride along program, as part of the conspiracy one or more individuals committed one or more of the following overt acts in pursuance of the agreement.

i. Officer Joe M. Duenas kicked K-Terry Stephen in the head while K-Terry Stephen was on the ground in hand cuffs at the scene of his arrest;

ii. Officer Esmeralda Sabinay kicked Owen Moni in the face while Owen Moni was on the ground in hand cuffs at the scene of his arrest;

iii. Office Joaquin Q. Castro punched Owen Moni in the face as Owen Moni, who was in hand cuffs, was being placed in to a patrol car at the scene of his arrest;

iv. Officer Joe M. Duenas struck S-Terry Stephen in the back of his head with a book while S-Terry Stephen was wearing hand cuffs inside the Dededo Precinct Building being taken to the holding cells;

v. Officer Joe M. Duenas slapped S-Terry Stephen in the face while S-Terry Stephen was wearing hand cuffs inside the Dededo Precinct when after being struck in the back of the head with a book S-Terry Stephen turned to face Officer Duenas;

vi. Officer Joe M. Duenas slapped Jesty Terry Stephen in the face while Jesty Terry was wearing hand cuffs while inside the Dededo Precinct Building;

vii. Officer Joaquin Q. Castro struck K-Terry in the head after K-Terry had been taken to the ground and hand cuffed by officers inside a holding cell with in the Dededo Precinct Building;

viii. Officer Esmeralda Sabinay struck K-Terry after K-Terry had been taken to the ground and hand cuffed by officers inside a holding cell with in the Dededo Precinct Building;

ix. Officer Joe M. Duenas entered the cell where Officers had K-Terry

*People of Guam v. Henry Flores et al.*
Decision and Order (Motion to Dismiss First Charge)
Criminal Case No. CF0133-09

- Page 2 of 14 -

Stephen on the ground and kneed an individual who was seated but protesting the treatment of K-Terry Stephen;

x.  Officer Joe M. Duenas struck K-Terry after K-Terry had been taken to the ground and hand cuffed by officers inside a holding cell with in the Dededo Precinct Building;

xi.  Officer Esmeralda Sabinay placed her foot on the head of Jimmy Moses Hadley, after Jimmy Moses Hadley had been forced by officers to lay in a puddle of his own urine after being denied access to a rest room, ensuring Jimmy Moses Hadley's face was in the urine puddle;

xii.  Officer Joe M. Duenas assisted Officer Sabinay in holding Jimmy Moses Hadley down in the puddle of his own urine, while Officer Duenas struck Jimmy Moses Hadley in his back;

xiii.  Officer Joaquin Q. Castrol informing Owen Moni, who was requesting medical treatment for an injury inflicted on him by officers while in custody at the Dededo Precinct that if he went to the hospital to see a doctor he would have to be taken to DYA and placed in custody rather than being released to his parents as the other juveniles were;

xiv.  Officer Vincent G. Perez informing Owen Moni, who was requesting medical treatment for an injury inflicted on him by officers while in custody at the Dededo Precinct that if he went to the hospital to see a doctor he would have to be taken to DYA and placed in custody rather than being released to his parents as the other juveniles were or;

xv.  Officer Henry C. Flores, the shift supervisor signing a falsified precinct log book which stated regarding the disposition of Owen Moni "Later released to his parents" when in fact Owen Moni was taken to Guam Memorial Hospital by ambulance where his spleen was removed in emergency surgery within hours of his arrival,

in violation of 9 G.C.A. §§ 13.30 & 13.60(a).

## SECOND CHARGE

On or about November 22, 2008, on Guam, JOE M. DUENAS, JAMES V. QUENGA, RAYNOLD C. ALCANTARA, and JOAQUIN Q. CASTRO, committed the crime of Aggravated Assault when they recklessly caused serious bodily injury to another, to wit Owen Moni, in circumstances manifesting extreme indifference to the value of human life, in violation of 9 G.C.A. §§ 19.20(a)(1) and (b).

*People of Guam v. Henry Flores et al.*
Decision and Order (Motion to Dismiss First Charge)
Criminal Case No. CF0133-09

- Page 3 of 14 -

Indictment (Mar. 12, 2009) at 2-4.

Jury selection began on August 7, 2009, and the jury was sworn in on August 13, 2009. Defendant Sabinay filed a motion to dismiss the first charge on August 19, 2009. The People submitted an opposition to Sabinay's motion on August 20, 2009. Sabinay's Co-Defendants orally joined in the motion at a hearing on other matters held on August 20, 2009. Defendants Sabinay and Alcantara filed reply briefs on August 21, 2009. The Court now issues its ruling.

## III. DISCUSSION

### A. Legal Standards Governing Timing of Motions to Dismiss

Section 65.15 of the Guam Criminal Procedure Code provides that certain motions, including "defenses and objections based on defects in the indictment", must be raised before trial. 8 G.C.A. § 65.15(b). The statute makes an exception for objections to an indictment based on its failure to show jurisdiction in the court or to charge an offense—these may be raised "at any time during the pendency of the proceedings". Id.

In this case, Defendant Sabinay moved for dismissal of the first charge of the indictment after trial had commenced and jeopardy had attached. However, because Sabinay brings her motion pursuant to the exception in section 65.15(b) based on lack of jurisdiction or failure to charge an offense, the motion is timely under Guam law. The Court will therefore consider its merits.

### B. Whether Charge of Conspiracy to Commit Aggravated Assault Should be Dismissed

#### 1. Comparison of Relevant Provisions of Model Penal Code, Guam Law, and New Hampshire Statutes

Defendant Sabinay urges the Court to adopt the position taken by the New Hampshire Supreme Court in State v. Donohue, 834 A.2d 253 (N.H. 2003). The defendant in Donohue was

*People of Guam v. Henry Flores et al.*
Decision and Order (Motion to Dismiss First Charge)
Criminal Case No. CF0133-09
- Page 4 of 14 -

convicted of reckless second-degree assault and conspiracy to commit second-degree assault. Id. at 254. On appeal, the defendant argued that the trial court should have granted his motion to dismiss the conspiracy charge because conspiracy to commit second-degree assault did not constitute a cognizable crime. Id. Adopting the Model Penal Code's interpretation of conspiracy law, the New Hampshire court agreed with the defendant and reversed his conspiracy conviction. Id. at 257-58. Defendant Sabinay argues that because she, like the defendant in Donohue, faces a charge of conspiracy to commit assault, and because the assault and conspiracy statutes of both Guam and New Hampshire derive from the Model Penal Code, this Court should reach the same conclusion as the court in Donohue and dismiss the conspiracy charge against her.

Guam's conspiracy statute, like New Hampshire's conspiracy statute, is based at least in part on the Model Penal Code. See 9 G.C.A. § 13.30, commentary (citing, inter alia, M.P.C. § 5.03(1) & (5), as source). The provision of the Model Penal Code governing conspiracy which forms the basis of the Guam and New Hampshire conspiracy statutes provides in pertinent part:

(1) Definition of Conspiracy. A person is guilty of conspiracy with another person or persons to commit a crime if with the purpose of promoting or facilitating its commission he:
(a) agrees with such other person or persons that they or one or more of them will engage in conduct that constitutes such crime or an attempt or solicitation to commit such crime; or
(b) agrees to aid such other person or persons in the planning or commission of such crime or of an attempt or solicitation to commit such crime.
. . . .
(5) Overt Act. No person may be convicted of conspiracy to commit a crime, other than a felony of the first or second degree, unless an overt act in pursuance of such conspiracy is alleged and proved to have been done by him or by a person with whom he conspired.

M.P.C. § 5.03(1) & (5).

Guam's conspiracy statute provides:

A person is guilty of conspiracy to commit a crime if:

*People of Guam v. Henry Flores et al.*
Decision and Order (Motion to Dismiss First Charge)
Criminal Case No. CF0133-09
- Page 5 of 14 -

(a) he agrees with one or more other persons that he or one of them will engage in conduct which constitutes such crime;

(b) he does so with the intention of engaging in, promoting or assisting in the conduct which constitutes such crime; and

(c) he or one of them performs an overt act in pursuance of the agreement.

9 G.C.A. § 13.30. Thus, under Guam law, the elements of conspiracy consist of an agreement, an intention to do the criminal conduct, and an overt act.

New Hampshire's conspiracy statute provides in pertinent part:

A person is guilty of conspiracy if, with a purpose that a crime defined by statute be committed, he agrees with one or more persons to commit or cause the commission of such crime, and an overt act is committed by one of the conspirators in furtherance of the conspiracy.

N.H. Rev. Stat. Ann. § 629:3, I.

Each of the three versions of the conspiracy law contains subtle differences which distinguish it from its counterparts.

Guam's aggravated assault statute, like New Hampshire's second-degree assault statute, is based at least in part on the Model Penal Code. See 9 G.C.A. § 19.20, commentary (citing, inter alia, M.P.C. § 211.1(2), as source). The provision of the Model Penal Code governing assault which forms the basis of the Guam and New Hampshire assault statutes provides in pertinent part:

(2) Aggravated Assault. A person is guilty of aggravated assault if he:
(a) attempts to cause serious bodily injury to another, or causes such injury purposely, knowingly or recklessly under circumstances manifesting extreme indifference to the value of human life; or
(b) attempts to cause or purposely or knowingly causes bodily injury to another with a deadly weapon.

M.P.C. § 211.1(2).

The provision of the Guam Code Annotated governing aggravated assault provides:

(a) A person is guilty of aggravated assault if he either recklessly causes or attempts to

*People of Guam v. Henry Flores et al.*
Decision and Order (Motion to Dismiss First Charge)
Criminal Case No. CF0133-09

- Page 6 of 14 -

cause:
(1) serious bodily injury to another in circumstances manifesting extreme indifference to the value of human life;
(2) serious bodily injury to another;
(3) bodily injury to another with a deadly weapon.
(b) Aggravated assault under Paragraph (1) of Subsection (a) is a felony of the second degree; aggravated assault under Paragraphs (2) or (3) or Subsection (a) is a felony of the third degree; provided that any person convicted of aggravated assault shall not be eligible for work release or educational programs outside the confines of prison.

9 G.C.A. § 19.20. According to the plain language of the statute itself, as well as the accompanying commentary, section 19.20 creates two crimes of differing degrees and therefore differing levels of culpability. See 9 G.C.A. § 19.20, Comment ("This crime of 'aggravated assault' is committed by either the causing of, or attempting, the injuries set forth within the Section. Actually, there are two crimes created in this one Section, the first being under § 19.20(a)(1), which is a felony of second degree; and the second being found under Subsections (a)(2) and (a)(3), both of which are felonies of the third degree.").

The New Hampshire law governing second-degree assault provides:

I. A person is guilty of a class B felony if he:
(a) Knowingly or recklessly causes serious bodily injury to another; or
(b) Recklessly causes bodily injury to another by means of a deadly weapon, except that if the deadly weapon is a firearm, he shall be sentenced in accordance with RSA 651:2, II-g; or
(c) Recklessly causes bodily injury to another under circumstances manifesting extreme indifference to the value of human life; or
(d) Purposely or knowingly causes bodily injury to a child under 13 years of age; or
(e) Recklessly or negligently causes injury to another resulting in miscarriage or stillbirth.

N.H. Rev. Stat. Ann. § 631:2, I.

As with the conspiracy laws, the Model Penal Code, the Guam Criminal Code, and the New Hampshire law of aggravated assault all differ from one another.

*People of Guam v. Henry Flores et al.*
Decision and Order (Motion to Dismiss First Charge)
Criminal Case No. CF0133-09

- Page 7 of 14 -

## 2. Model Penal Code Commentary Distinction Between Reckless Result and Reckless Conduct

Defendant Sabinay directs this Court to the dissent in Commonwealth v. Weimer, ___ A.2d ___, 2009 WL 2488424 (Pa. Aug. 17, 2009) (Todd, J., dissenting), which discusses Donohue and other authorities "which clearly support the proposition that there is no such thing as a conspiracy to commit a crime which is defined in terms of recklessly causing a result". Reply of Def. Esmeralda A. Sabinay to People's Opp'n to Def. Esmeralda A. Sabinay's Mot. to Dismiss First Charge of the Indictment (Aug. 21, 2009), at 1. Both the court in Donohue and the dissent in Weimer quote from and rely on the same comment to section 5.03 of the Model Penal Code, the provision governing conspiracy:

> [W]hen recklessness or negligence suffices for the actor's culpability with respect to a result element of a substantive crime, as for example, homicide through negligence is made criminal, there could not be a conspiracy to commit that crime. *This should be distinguished, however, from a crime defined in terms of conduct that creates a risk of harm,* such as reckless driving or driving above a certain speed limit. In this situation the conduct rather than any result it may produce is the element of the crime, and it would suffice for guilt of conspiracy that the actor's purpose was to promote or facilitate such conduct—for example, if he urged the driver of the car to go faster and faster.

Donohue, 834 A.2d at 256 (quoting Model Penal Code § 5.03 comment 2(c)(i) at 408 (emphasis added); see also Weimer, 2009 WL 2488424 at *9 (Todd, J., dissenting) (quoting same).

The indictment in Donohue charged the defendant with conspiracy to commit a reckless second degree assault under section 631:2, I(a), which makes a person is guilty of second-degree assault if he recklessly causes serious bodily injury to another. The indictment in Donohue did not charge the defendant with conspiracy to commit a reckless second degree assault under section 631:2, I(c), which makes a person is guilty of second-degree assault if he recklessly causes bodily injury to another under circumstances manifesting extreme indifference to the

*People of Guam v. Henry Flores et al.*
Decision and Order (Motion to Dismiss First Charge)
Criminal Case No. CF0133-09

- Page 8 of 14 -

value of human life. Thus, in Donohue, meeting the result element of the underlying substantive crime required a showing of mere recklessness and the court did not have to reach a decision as to the defendant's conduct. In addition, both subsections of the statute made the attendant assault a second-degree felony.

The indictment in this case charges Defendant Sabinay with conspiracy to commit the underlying substantive offense of aggravated assault. Read as a whole, the indictment sets forth the substantive offense as aggravated assault under section 19.20(a)(1), in which a person is guilty of aggravated assault if he recklessly causes serious bodily injury to another in circumstances manifesting extreme indifference to the value of human life. The indictment in this case does not charge Defendant Sabinay with conspiracy to commit aggravated assault under section 19.20(a)(2), in which a person is guilty of aggravated assault if he recklessly causes serious bodily injury to another.

Due to differences in the Guam and New Hampshire statutes, in contrast to the applicable law in Donohue, the underlying aggravated assault under section 19.20(a)(1), a second degree felony, possesses a higher degree of culpability than an aggravated assault under section 19.20(a)(2), a third degree felony. Consequently, a showing of mere recklessness in this case will not suffice with respect to the underlying substantive crime. See State v. Pigueiras, 781 A.2d 1086, 1100 (N.J. Super. Ct. App. Div. 2001) (holding that conviction under statute which states that a person is guilty of aggravated assault if he recklessly causes serious bodily injury to another under circumstances manifesting extreme indifference to the value of human life required more than mere recklessness as the requisite mental state and implicated the defendant's conduct), certification denied, 793 A.2d 715 (N.J. 2002).

Furthermore, in contrast to the assault charge in Donohue, the underlying offense charged

*People of Guam v. Henry Flores et al.*
Decision and Order (Motion to Dismiss First Charge)
Criminal Case No. CF0133-09
- Page 9 of 14 -

in this case requires a showing of circumstances manifesting extreme indifference to the value of human life, which implicates conduct that created a risk of harm. In addition, Guam's conspiracy statute, like the Model Penal Code, discusses engaging in conduct which constitutes a crime, whereas New Hampshire's conspiracy statute speaks in terms of committing the crime or causing it to be committed. As the comment to the Model Penal Code's conspiracy provision states, an underlying substantive crime defined in terms of conduct that creates a risk of harm, such as section 19.20(a)(1) charged in this case, must be distinguished from a crime in which recklessness suffices to establish the defendant's culpability, such as the assault statute charged in <u>Donohue</u>. As a result, the instant case is not analogous to <u>Donohue</u> and the Court cannot rely on <u>Donohue</u> to find that the first charge of the indictment does not allege a cognizable offense.

### 3. Other Jurisdictions Finding Conspiracy Where Underlying Offense Alleges Reckless Conduct

Other courts have sustained convictions for conspiracy to commit offenses based on reckless conduct. In <u>Weimer</u>, the defendant was convicted of third degree murder and conspiracy to commit criminal homicide. <u>Weimer</u>, 2009 WL 2488424 at *1. The defendant challenged her conspiracy conviction on appeal, arguing that it was impossible to sustain a conviction for conspiracy to commit third degree murder, because third degree murder was a homicide that occurred as the result of an unintended act and it was impossible to intend to commit an unintentional act. <u>Id.</u> at *2. The Pennsylvania Supreme Court disagreed and affirmed the defendant's conviction, stating: "[T]he ultimate gradation of the crime accomplished does not in and of itself delimit the degree of crime originally planned—the crime ultimately accomplished does not retroactively limit the scope of the original conspiracy." <u>Id.</u> at *3.

In <u>United States v. Chagra</u>, 638 F. Supp. 1389 (W.D. Tex.), <u>aff'd</u>, 807 F.2d 398 (5th Cir.

*People of Guam v. Henry Flores et al.*
Decision and Order (Motion to Dismiss First Charge)
Criminal Case No. CF0133-09

- Page 10 of 14 -

1986), cert. denied, 484 U.S. 832, 108 S. Ct. 106, 98 L. Ed. 2d 66 (1987), a defendant charged with conspiracy to commit second degree murder of a federal judge moved to dismiss the indictment for failure to allege an offense. Chagra, 638 F. Supp. at 1395. Specifically, the defendant argued that it was impossible to charge her for the concerted planning, i.e., conspiracy, of an unplannable crime, i.e., second degree murder. Id. at 1396. The district court denied her motion, because proof of conspiracy required the element of agreement, not planning, id. at 1405-06, and because, depending on the facts, a second degree murder was either plannable or planning was irrelevant. The court in Chagra then distinguished four categories of second degree murder and four additional subcategories, id. at 1401, including two which were plannable and one based on recklessness without any specific intent to kill in which planning was irrelevant:

> In this case, the evidence could very well show that Defendant Elizabeth Chagra was aware of her husband's dangerous and violent tendencies, and that her encouragement of his stated intent to murder Judge Wood demonstrated conduct which was so reckless, so wanton and such a gross deviation from a reasonable standard of care that a jury could find her guilty of conspiracy to commit intent-to-do-serious-bodily-injury harm murder of Judge John H. Wood, Jr. Intent-to-do-serious-bodily-injury murder may involve advance planning, yet would not rise to the level of first degree murder. The possibility that the Government might prove Defendant Elizabeth Chagra guilty of intent-to-do-serious-bodily-injury second degree murder further rebuts the Defendant's argument that conspiracy to commit second degree murder is a logical impossibility (because second degree murder is necessarily an unplanned crime), as this analysis suggests yet another possible set of facts the Government could prove to support a conviction.
> . . . .
> The evidence could show Defendant Chagra guilty of conspiracy to commit intent-to-do-serious-bodily-injury murder where her conduct was so reckless, wanton, and such a gross deviation from a reasonable standard of care that the jury could find second degree murder. In such a case, any planning would be irrelevant.

Id. at 1403-04 (citations omitted).

After the district court denied her motion to dismiss the indictment for failure to allege an offense, the defendant in Chagra was convicted of conspiracy to commit second degree murder.

*People of Guam v. Henry Flores et al.*
Decision and Order (Motion to Dismiss First Charge)
Criminal Case No. CF0133-09
- Page 11 of 14 -

On appeal, the defendant again argued that "there can be no conspiracy to commit second degree murder . . . because 'you cannot plan the unplannable, intend the unintended.' " Chagra, 807 F.2d at 400-01. She contended that the trial court erred in instructing the jury that it need only find reckless acts causing the death of another. Id. at 402. The Fifth Circuit Court of Appeals noted that, when a defendant is charged with conspiracy,

> [w]hat is required is that the defendant agree with another to accomplish an illegal objective and that at the time of agreement the defendant also have the state of mind required to commit the substantive crime. The two states of mind are almost always one, or tend to collapse into one, but it is nonetheless important that the inquiries be made separately.

Id. at 401.

Thus, the Fifth Circuit implicitly recognized, unlike Defendant Alcantara in his reply brief, that the state of mind necessary for conspiracy is not always the same as the state of mind needed for the underlying substantive offense. The Chagra court affirmed the defendant's conviction of conspiracy (which is a specific intent crime) to commit second degree murder (which can be a general intent crime), holding that "[t]here is no reason that a defendant cannot have this intent[, i.e., willfully to act in callous and wanton disregard of the consequences of human life,] at the time he joins a conspiracy to kill." Id.

In In Interest of P.A., 566 N.W.2d 422 (N.D. 1997), a minor appealed an order adjudicating him a juvenile delinquent for the offenses of reckless endangerment and conspiracy to commit reckless endangerment. Id. at 423. The North Dakota conspiracy statute provided that "[a] person commits conspiracy if he agrees with one or more persons to engage in or cause conduct which, in fact, constitutes an offense or offenses, and any one or more of such persons does an overt act to effect an objective of the conspiracy." Id. at 424 (citing N.D. Cent. Code § 12.1-06-04(1)). The North Dakota statute governing reckless endangerment provided that "[a]

*People of Guam v. Henry Flores et al.*
Decision and Order (Motion to Dismiss First Charge)
Criminal Case No. CF0133-09
- Page 12 of 14 -

person is guilty of an offense if he creates a substantial risk of serious bodily injury or death to another . . . if the circumstances manifest his extreme indifference to the value of human life." In Interest of P.A., 566 N.W.2d at 425 (citing N.D. Cent. Code § 12.1-17-03).

Although not directly addressing whether conspiracy to commit reckless endangerment was a cognizable offense, in an exercise similar to the cases discussed above, the North Dakota Supreme Court reviewed the juvenile court's order for sufficiency of the evidence. North Dakota's conspiracy statute required evidence of an agreement and an overt act. The North Dakota Supreme Court found evidence supporting the inference of an agreement in the arresting officer's testimony that the four boys involved in the incident "were blabbing about how they all agreed that they had been there . . . [and] the boys more or less admitted to each other that they had been there and it was fun." Id. at 425 (internal quotation marks omitted). The reviewing court also found evidence of an overt act from the officer's testimony that he observed all four boys throwing bricks off the roof of a two-storey building while someone was walking below, in front of the building. Id. Finally, the court found the elements of reckless endangerment in the minor's conduct: throwing bricks off the building created a foreseeable risk of serious bodily injury or death and the fact that the boys were laughing and having fun manifested extreme indifference to the value of human life. Id. As a result, the North Dakota Supreme Court affirmed the lower court's order finding that the minor had committed reckless endangerment and conspiracy to commit reckless endangerment.

The North Dakota conspiracy statute more closely resembles the Guam conspiracy statute than does the New Hampshire conspiracy statute in that both North Dakota's and Guam's laws mention conduct. In addition, the North Dakota reckless endangerment statute, like Guam's second-degree aggravated assault law, punishes conduct entailing circumstances manifesting

*People of Guam v. Henry Flores et al.*
Decision and Order (Motion to Dismiss First Charge)
Criminal Case No. CF0133-09
- Page 13 of 14 -

extreme indifference to the value of human life. Collectively, the cases cited above show that, where a conspiracy charge turns, as in the instant case, on an underlying offense that depends on reckless conduct, rather than on a reckless result, the conspiracy charge survives a motion to dismiss for failure to allege a cognizable offense.

## IV. CONCLUSION

For the foregoing reasons, Defendant Esmeralda A. Sabinay's Motion to Dismiss the First Charge of the Indictment, joined by all Co-Defendants, is hereby DENIED.

SO ORDERED this 24th day of August, 2009.

HONORABLE VERNON P. PEREZ
JUDGE, SUPERIOR COURT OF GUAM

I do hereby certify that the foregoing is a full true and correct copy of the original on file in the office of the clerk of the Superior Court of Guam

Dated at Hagatna, Guam



Tammy L. Pinaula
Deputy Clerk, Superior Court of Guam

*People of Guam v. Henry Flores et al.*
Decision and Order (Motion to Dismiss First Charge)
Criminal Case No. CF0133-09
- Page 14 of 14 -